IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADENA REGIONAL MEDICAL CENTER<br>272 Hospital Road<br>Chillicothe, Ohio  45601 | : <br> : <br> : <br> : <br> : |
| ALLIANCE COMMUNITY HOSPITAL<br>264 East Rice Street<br>Alliance, Ohio 44601 | : Case No.:<br> : <br> : <br> : |
| COMMUNITY HEALTH PARTNERS EAST CAMPUS<br>205 West 20th Street<br>Lorain, Ohio 44052 | : <br> : <br> : <br> : |
| COMMUNITY HEALTH PARTNERS WEST CAMPUS<br>3700 Kolbe Road<br>Lorain, Ohio  44053 | : <br> : <br> : <br> : |
| CUYAHOGA FALLS GENERAL HOSPITAL<br>1900 Twenty-Third Street<br>Cuyahoga Falls, Ohio 44223-1404 | : <br> : <br> : <br> : |
| EAST LIVERPOOL CITY HOSPITAL<br>425 W. Fifth Street<br>East Liverpool, Ohio  43920 | : <br> : <br> : <br> : |
| FT. HAMILTON-HUGHES HOSPITAL<br>630 Eaton Avenue<br>Hamilton, Ohio  45013 | : <br> : <br> : <br> : |
| GOOD SAMARITAN HOSPITAL & HEALTH CENTER<br>2222 Philadelphia Drive<br>Dayton, Ohio  45406-1891 | : <br> : <br> : <br> : |
| LICKING MEMORIAL HOSPITAL<br>1320 West Main Street<br>Newark, Ohio 43055 | : <br> : <br> : |

-2-

| | |
|---|---|
| MARIETTA MEMORIAL HOSPITAL<br>401 Matthew Street<br>Marietta, Ohio 45750 | : <br> : <br> : <br> : |
| MEDCENTRAL HEALTH SYSTEM<br>335 Glessner Avenue<br>Mansfield, Ohio 44903 | : <br> : <br> : <br> : |
| MED-HEALTH SYSTEM-GREENE MEMORIAL HOSPITAL<br>1141 N. Monroe Drive<br>Xenia, Ohio 45385 | : <br> : <br> : <br> : |
| MEDICAL COLLEGE HOSPITAL<br>3065 Arlington Avenue<br>Toledo, Ohio 43614 | : <br> : <br> : <br> : |
| METROHEALTH MEDICAL CENTER<br>2500 MetroHealth Drive<br>Cleveland, Ohio  44109 | : <br> : <br> : <br> : |
| MIAMI VALLEY HOSPITAL<br>1 Wyoming Street<br>Dayton, Ohio 45409-2793 | : <br> : <br> : <br> : |
| MIDDLETOWN REGIONAL HOSPITAL<br>105 McKnight Drive<br>Middletown, Ohio 45044 | : <br> : <br> : <br> : |
| ROBINSON MEMORIAL HOSPITAL<br>6847 N. Chestnut Street<br>P.O. Box 1204<br>Ravenna, Ohio 44266 | : <br> : <br> : <br> : <br> : |
| ST. ELIZABETH HEALTH CENTER<br>1044 Belmont Avenue<br>Youngstown, Ohio 44501-1790 | : <br> : <br> : <br> : |
| ST. JOSEPH HEALTH CENTER<br>667 Eastland Avenue<br>Warren, Ohio 44484 | : <br> : <br> : <br> : |
| SOUTHERN OHIO MEDICAL CENTER<br>1248 Kinneys Lane<br>Portsmouth, Ohio 45662 | : <br> : <br> : <br> : |

| | |
|---|---|
| SUMMA HEALTH SYSTEM<br>400 West Market Street<br>P.O. Box 2090<br>Akron, Ohio 44309-2090 | :<br>:<br>:<br>: |
| TRINITY HEALTH SYSTEM<br>380 Summit Avenue<br>Steubenville, Ohio 43952 | :<br>:<br>: |
| TRUMBALL MEMORIAL HOSPITAL<br>1350 East Market Street<br>Warren, Ohio  44482 | :<br>:<br>:<br>: |
| UNIVERSITY OF CINCINNATI HOSPITAL<br>3200 Burnet Avenue<br>Cincinnati, Ohio 45229 | :<br>:<br>:<br>: |
| WESTERN RESERVE CARE SYSTEM<br>3530 Belmont Avenue<br>Suite 7<br>Youngstown, Ohio 44505 | :<br>:<br>:<br>:<br>: |
| Plaintiffs | : |
| v. | : |
| MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | :<br>:<br>:<br>:<br>: |
| Defendant. | : |

The above-named Plaintiffs (the "Hospitals"), by and through their undersigned counsel, state the following in the form of this Complaint against Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"):

## I.   INTRODUCTION

1.   The Hospitals consist of not-for-profit hospitals in Ohio that participate in the Medicare and Medicaid programs.  The Medicare statute directs the Secretary to make additional

Medicare payments, called disproportionate share hospital ("DSH") payments, to hospitals that serve "a significantly disproportionate number of low-income patients." See 42 U.S.C. § 1395ww(d)(5)(F). Under the statute, the term "low-income patients" includes patients eligible for medical assistance under a State Plan approved under Title XIX. In computing the Hospitals' low-income patient percentage for certain time periods, the Secretary excluded hospital days attributable to patients eligible for Ohio's Hospital Care Assurance Program ("HCAP"), which is part of Ohio's State Plan of medical assistance approved under Title XIX. The Secretary's exclusion of HCAP days from the DSH calculation contravenes the plain and unambiguous wording of the Medicare statute, is inconsistent with clear congressional intent, and is arbitrary, capricious, and otherwise contrary to law.

## II.   JURISDICTION AND VENUE

2.   This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. (the "Medicare Statute"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq.

3.   This Court has jurisdiction under 42 U.S.C. § 1395oo(f)(1).

4.   Pursuant to 42 U.S.C. § 1395oo(f)(1), venue for a group such as this is proper in the United States District Court for the District of Columbia.

## III.   PARTIES

5.   The Hospitals, all of which are located in the State of Ohio, served a disproportionate share of low-income patients, and are licensed Medicare providers.

6.   Plaintiff Adena Regional Medical Center, 272 Hospital Road, Chillicothe, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0159.

7.      Plaintiff Alliance Community Hospital, 264 East Rice Street, Alliance, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0131.

8.      Plaintiff Community Health Partners East Campus, 205 West 20th Street, Lorain, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0204.

9.      Plaintiff Community Health Partners West Campus, 3700 Kolbe Road, Lorain, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0172.

10.     Plaintiff Cuyahoga Falls General Hospital, 1900 Twenty-Third Street, Cuyahoga Falls, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0150.

11.     Plaintiff East Liverpool City Hospital, 425 W. Fifth Street, East Liverpool, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0096.

12.     Plaintiff Ft. Hamilton-Hughes Hospital, 630 Eaton Avenue, Hamilton, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0132.

13.     Plaintiff Good Samaritan Hospital & Health Center, 2222 Philadelphia Drive, Dayton, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0052.

14.     Plaintiff Licking Memorial Hospital, 1320 West Main Street, Newark, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0218.

15.     Plaintiff Marietta Memorial Hospital, 401 Matthew Street, Marietta, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0147.

16.     Plaintiff MedCentral Health System, 335 Glessner Avenue, Mansfield, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0118.

17.     Plaintiff Med-Health System-Greene Memorial Hospital, 1141 N. Monroe Drive, Xenia, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0026.

18. Plaintiff Medical College Hospital, 3065 Arlington Avenue, Toledo, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0048.

19. Plaintiff MetroHealth Medical Center, 2500 MetroHealth Drive, Cleveland, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0059.

20. Plaintiff Miami Valley Hospital, 1 Wyoming Street, Dayton, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0051.

21. Plaintiff Middletown Regional Hospital, 105 McKnight Drive, Middletown, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0076.

22. Plaintiff Robinson Memorial Hospital, 6847 N. Chestnut Street, P.O. Box 1204, Ravenna, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0078.

23. Plaintiff St. Elizabeth Health Center, 1044 Belmont Avenue, Youngstown, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0064.

24. Plaintiff St. Joseph Health Center, 667 Eastland Avenue, Warren, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0161.

25. Plaintiff Southern Ohio Medical Center, 1248 Kinneys Lane, Portsmouth, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0008.

26. Plaintiff Summa Health System, 400 West Market Street, P.O. Box 2090, Akron, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0020.

27. Plaintiff Trinity Health System, 380 Summit Avenue, Steubenville, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0211.

28. Plaintiff Trumball Memorial Hospital, 1350 East Market Street, Warren, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0055.

29.    Plaintiff University of Cincinnati Hospital, 3200 Burnet Avenue, Cincinnati, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0003.

30.    Western Reserve Care System, 3530 Belmont Avenue, Suite 7, Youngstown, Ohio, is an inpatient hospital assigned Medicare Provider Number 36-0141.

31.    Defendant Michael O. Leavitt is the Secretary of the Department of Health and Human Services, the federal department responsible for the administration of the Medicare and the Medicaid programs.

### IV.    THE MEDICARE PROGRAM

32.    Congress enacted the Medicare Program (Title XVIII of the Social Security Act) in 1965. As originally enacted, Medicare was a public health insurance program that furnished health benefits to participating individuals once they reached the age of 65. Over the years, it has been expanded to provide health benefits to qualifying disabled persons and to individuals suffering from end-stage renal disease.

33.    Among the benefits covered by Medicare are hospital services. For cost reporting years beginning before October 1, 1983, the Medicare Program reimbursed hospital services on a "reasonable cost" basis. 42 U.S.C. § 1395f(b). Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse most hospitals, including the Hospitals, for inpatient operating costs. 42 U.S.C. § 1395ww(d). Under PPS, hospitals are paid a fixed amount for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

34.    The Secretary has delegated much of the responsibility for administering the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration (herein collectively referred to as "CMS"). The

Secretary, through CMS, contracted out many of his audit and payment functions under Medicare to organizations known as "fiscal intermediaries."

35. At the close of a fiscal year, a provider of services must submit to its intermediary a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate share of those costs apportioned to Medicare. 42 C.F.R. § 413.23(f). The intermediary is required to analyze and audit the cost report and inform the provider of a final determination of the amount of Medicare reimbursement through a notice of program reimbursement ("NPR"). 42 C.F.R. § 405.1803.

36. A provider dissatisfied with its intermediary's determination may file an appeal with an administrative body called the Provider Reimbursement Review Board ("PRRB") within 180 days of the date of the NPR. 42 U.S.C. § 1395oo(a).

37. A provider that has filed an appeal with the PRRB may ask the PRRB to determine that it lacks the authority to decide "a question of law or regulations relevant to the matters in controversy." 42 U.S.C. § 1395oo(f)(1). Such a request is generally known as a request for expedited judicial review ("EJR").

38. If the PRRB determines that it lacks the authority to decide the issue raised by the provider in its EJR petition, a provider may obtain judicial review of that issue by filing a lawsuit within 60 days of the PRRB's EJR determination or, if the PRRB fails to render such a determination within 30 days, then a provider may bring a civil action within 60 days after the expiration of the 30-day period. 42 U.S.C. § 1395oo(f)(1).

39. The PRRB's EJR determination is considered a final decision and is not subject to review by the Secretary. 42 U.S.C. § 1395oo(f)(1).

## V. The Medicare DSH Calculation

40. When Congress enacted Medicare PPS in 1983, it authorized the Secretary to provide an adjustment to PPS payments for hospitals that served a disproportionate share of low-income patients. 42 U.S.C. § 1395ww(d)(5)(C)(i).

41. The Secretary delegated to CMS the authority to administer DSH adjustments as part of the PPS reimbursement system. CMS, in turn, delegates the responsibility to the fiscal intermediaries who notify hospitals of their DSH adjustments in their NPRs.

42. The intermediaries calculate the DSH adjustment by adding two fractions known colloquially as the "Medicare Proxy" and the "Medicaid Proxy." 42 U.S.C. § 1395ww(d)(5)(F)(vi).

43. The Medicare Proxy, which is based on the number of low-income Medicare patients served by a given provider, is not at issue in this case. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

44. The Medicaid Proxy accounts for all patient days related to patients who are not entitled to Medicare Part A benefits, but who are eligible for medical assistance under a State Plan approved under Title XIX:

> The fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which consists of patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX of this chapter, but who were not entitled to benefits under Part A of this subchapter, and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

45. A larger number of patient days in the numerator means a larger DSH adjustment for the provider.

## VI.     Ohio's State Plan Approved Under Title XIX

46.     Congress enacted Title XIX of the Social Security Act ("Medicaid") in 1965. Medicaid is a cooperative federal-state program that furnishes health care to persons who meet specified eligibility requirements, including low-income status.

47.     States participating in the Medicaid Program have a substantial amount of discretion in selecting the benefits provided under their Medicaid programs. 42 U.S.C. § 1396d. Nevertheless, all states must furnish certain minimum benefits under their Medicaid program, including inpatient hospital services. 42 U.S.C. § 1396(a)(10)(A), 1396(a)(1).

48.     States have some flexibility in establishing payment rates for hospital services under their Medicaid programs. 42 U.S.C. § 1396(a)(13)(A).

49.     States that participate in the Medicaid program are required to develop a State Plan for delivery of medical assistance and submit it to the Secretary for approval. 42 U.S.C. § 1396. This Title XIX "State Plan" must comply with certain requirements of the Medicaid statute set forth in 42 U.S.C. § 1396a.

50.     The State of Ohio, at all relevant times referred to in this Complaint, maintained a valid Title XIX plan approved by the Secretary, which included HCAP.

51.     Under HCAP, Ohio hospitals are required to provide patient care to Ohio residents meeting certain low-income requirements. HCAP provides a mechanism to pay for care to HCAP patients by compensating hospitals for the costs of providing such care. HCAP is funded with state funds as well as federal matching payments under Medicaid (also known as federal financial participation (FFP)). For all years relevant to this Complaint, HCAP's

eligibility criteria and funding provisions have been set forth in Ohio's State Plan approved under Title XIX.

### VII. The Secretary Wrongfully Excluded HCAP Days From the Hospitals' Medicare DSH Calculations

52. In computing the Hospitals' Medicare DSH adjustments for the fiscal years identified in Exhibit A attached hereto, the Medicare fiscal intermediary (the "Intermediary") excluded those inpatient days under the Ohio HCAP Program from the Medicaid proxy of the calculation. The exclusion of these HCAP days unlawfully reduced the Hospitals' DSH adjustments.

53. Additionally, due to the Intermediary's exclusion of HCAP days from the Medicaid proxy of the DSH calculation, some of the Hospitals did not meet the requisite threshold necessary to receive a DSH adjustment.

54. For each of the Hospitals and years identified in Exhibit A, the Hospitals filed timely appeals with the PRRB. In those appeals, the Hospitals challenged CMS's policy under which each hospital's DSH adjustment was calculated using a formula that excluded Ohio HCAP days from the Medicaid Proxy of the DSH calculation. The Hospitals sought to have all HCAP patient days included as patient days in computing their DSH adjustments.

55. By letter dated August 19, 2005, the Hospitals filed a request for EJR with the PRRB. A copy of this petition is attached as Exhibit "B." The entire contents of the August 19, 2005 Petition for EJR are incorporated herein by reference as if fully set forth at length in this pleading.

56. On December 7, 2005, the PRRB granted the Hospitals' request for EJR. A copy of the PRRB's decision is attached as Exhibit "C."

57. This suit was filed within 60 days of the PRRB's grant of EJR to those providers and fiscal years listed in the Schedule of Providers enclosed with the PRRB's December 7, 2004 correspondence. Thus, this case is ripe for judicial review, and the court has jurisdiction over this case, under 42 U.S.C. § 1395oo(f)(1).

58. Title 42, Part 412.106(b)(4) of the Code of Federal Regulations requires that HCAP days be included in the Medicaid proxy of the DSH calculation. To the extent the Secretary has interpreted the provision to the contrary, that interpretation is incorrect, unlawful and void.

59. In the alternative, to the extent that Part 412.106(b)(4) purports to preclude the inclusion of HCAP days in the DSH calculation, that aspect of the regulation contravenes the Medicare statute and is unlawful, ultra vires, and void.

### COUNT I -- DECLARATORY JUDGMENT
### VIOLATION OF THE MEDICARE STATUTE

60. The Hospitals re-allege and incorporate by reference paragraphs 1 through 59 as if fully set forth at length below.

61. An actual case or controversy exists under 28 U.S.C. § 2201, et seq. as to whether HCAP days should be included in the DSH calculation. In particular, the Hospitals herein assert that the Secretary's current policy of excluding Ohio HCAP days from the Medicare DSH calculation violates the Medicare statute and is unlawful.

62. The Hospitals, therefore, seek a judicial declaration that the Secretary is statutorily required to include HCAP days in the Medicare DSH calculation.

63. The Intermediary excluded HCAP days from the DSH calculation during all time periods at issue in the Complaint. The Hospitals seek reimbursement with respect to all cost report periods referenced in Exhibit A.

64.     The Secretary's construction of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (the Medicaid Proxy of the DSH calculation) is unlawful because it contravenes the statute's plain meaning.  The Secretary's construction is also contradicted by the legislative history.

65.     Under the Medicare statute, so long as a patient is eligible for medical benefits under a State Plan approved under Title XIX, for a particular day for which the patient receives inpatient hospital services, the patient day must be counted in the Medicaid Proxy of the DSH calculation.

66.     HCAP is part of Ohio's State Plan of medical assistance approved under Title XIX.

67.     The Secretary's current policy of excluding HCAP days from the Medicaid proxy of the DSH calculation therefore violates the Medicare statute and is unlawful.

68.     The Intermediary wrongfully excluded HCAP days for all of the hospitals and cost report years that are at issue in this Complaint, including, but not limited to, all of the hospitals and cost report years set forth in Exhibit "A."

69.     The Medicare statute requires the Secretary, CMS, and the Intermediary to include HCAP days in the DSH calculation.  The Secretary should therefore be required to issue payment to the Hospitals reflecting the inclusion of HCAP days, and to recalculate each Hospital's DSH adjustment in accordance with the Medicare statute and applicable regulations.

70.     For those Hospitals that fell below the threshold for obtaining DSH, the Intermediary has a duty to include HCAP days in the DSH calculation, to recalculate

each Hospital's DSH adjustment in accordance with the Medicare statute and applicable regulations, and to make appropriate recalculated payments under the statute and regulations.

**WHEREFORE,** the Hospitals request relief as follows:

(1)   A declaration by the Court that:

   (a)   The Medicare statute requires the inclusion of HCAP days in the Medicaid proxy of the DSH calculation;

   (b)   The Secretary's interpretation of 42 C.F.R. 412.106(b)(4) so as to exclude HCAP days from the DSH calculation is unlawful;

   (c)   To the extent that 42 C.F.R. § 412.106(b)(4) purports to exclude HCAP days from the DSH calculation, the regulation violates the Medicare statute and is unlawful, ultra vires, and void;

(2)   An order requiring that:

   (a)   The Secretary instruct the Intermediary in Ohio that each of the Hospitals' cost reports at issue must be corrected to include HCAP days, and each Hospital's DSH adjustment be recalculated in accordance with the Medicare statute and applicable regulations;

   (b)   The Secretary instruct his Intermediary in Ohio to complete its audit, and make the resulting payment of additional Medicare DSH funds within 90 days of the Intermediary's receipt of the documentation from the Hospitals; and

   (c)   The payments to the Hospitals reflect all amounts to which the Hospitals are entitled under the Medicare DSH statute with Ohio HCAP days factored

into the calculation and include an award of interest thereon pursuant to 42 U.S.C. § 1395oo(f)(2);

(3) A declaration that this Court shall retain jurisdiction in this matter until the Secretary's recalculation of the Hospitals' Medicare DSH percentages and subsequent payment to the Hospitals is complete;

(4) Attorneys fees and costs of suit incurred by the Hospitals as permitted by law; and

(5) Such other relief as this Court deems just and appropriate.

Respectfully submitted,

_____
Murray J. Klein
DC Bar #492415
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
(609) 987-0050
(609) 951-0824 Facsimile
mklein@ReedSmith.com
Attorney for Plaintiffs

Dated:  December 16, 2005