IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADENA REGIONAL MEDICAL CENTER, et al. )<br><br>　　　　Plaintiffs　　　　　　　　　　　　　)<br><br>　　　v.　　　　　　　　　　　　　　　　　　)<br><br>MICHAEL O. LEAVITT,　　　　　　　　　　)<br>Secretary, United States Department of　　　)<br>Health And Human Services　　　　　　　　)<br><br>　　　　Defendant　　　　　　　　　　　　　) | Case No.: 1:05-cv-02422 (RWR) |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs in the above-captioned matter, by and through their undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 56 for summary judgment in their favor, on the grounds that there is no material issue in dispute and the Plaintiffs are entitled to judgment as a matter of law.

In support of their Motion, Plaintiffs refer the Court to the memorandum of points and authorities in support of Plaintiffs' Motion and their statement of material facts as to which there is no genuine issue, which is incorporated herein by reference.  A proposed order setting forth the relief requested has also been previously filed.

Wherefore**,** Plaintiffs ask that their Motion be granted, and that the Court issue the following:

(1) A declaration by the Court that the Medicare statute requires the inclusion of HCAP days in the Medicaid proxy of the DSH calculation;

(2) An order requiring that:

(a) The Secretary instruct the Intermediary in Ohio that each of the Hospitals' cost reports at issue must be corrected to include HCAP days, and each Hospital's DSH adjustment be recalculated in accordance with the Medicare statute and applicable regulations;

(b) The Secretary instruct his Intermediary in Ohio to complete its audit, and make the resulting payment of additional Medicare DSH funds within 90 days of the Intermediary's receipt of the documentation from the Hospitals; and

(c) The payments to the Hospitals reflect all amounts to which the Hospitals are entitled under the Medicare DSH statute with Ohio HCAP days factored into the calculation and include an award of interest thereon pursuant to 42 U.S.C. § 1395oo(f)(2);

(3) A declaration that this Court shall retain jurisdiction in this matter until the Secretary's recalculation of the Hospitals' Medicare DSH percentages and subsequent payment to the Hospitals is complete;

(4) Attorneys fees and costs of suit incurred by the Hospitals as permitted by law; and

(5) Such other relief as this Court deems just and appropriate.

                                Respectfully submitted,

                                _/s/  Murray J. Klein_
                                Murray J. Klein
                                DC Bar #492415
                                Jacqueline E. Bennett
                                DC Bar #474355
                                **REED SMITH LLP**
                                1301 K Street, N.W.
                                Suite 1100 – East Tower
                                Washington, DC  20005
                                (202) 414-9200
                                (202) 414-9299 facsimile
                                JBennett@ReedSmith.com

Dated:  February 1, 2006