# PROVIDER REIMBURSEMENT REVIEW BOARD DECISION

2005-D49

**PROVIDERs –**
Ashtabula County Medical Center; The Community
Hospital; Akron General Medical Center; Lima
Memorial Hospital and The Toledo Hospital

Provider Nos.:  36-0125; 36-0187; 36-0027;
               36-0009 and 36-0068
               (respectively)

**vs.**

**INTERMEDIARY –**
BlueCross BlueShield Association/
AdminiStar Federal, Inc.

**DATE OF HEARING -**
October 7, 2004

Cost Reporting Periods Ended -
Various (See Attached Inventory)

**CASE NOs.:**  See Attached Inventory

## INDEX

|  | Page No. |
|---|---|
| Issue | 2 |
| Medicare Statutory and Regulatory Background | 2 |
| Statement of the Case and Procedural History | 3 |
| Parties Contentions | 3 |
| Findings of Fact, Conclusions of Law and Discussion | 4 |
| Decision and Order | 4 |

Page 2                                    CNs.: Various (See Attached Inventory)

ISSUE:

Whether the Intermediary improperly excluded patient days related to Ohio's Hospital Care
Assurance Program (HCAP) in the providers' disproportionate share calculations

MEDICARE STATUTORY AND REGULATORY BACKGROUND:

This is a dispute over the amount of Medicare reimbursement due a provider of medical services.

The Medicare program was established to provide health insurance to the aged and disabled. 42
U.S.C. §§1395-1395cc. The Centers for Medicare and Medicaid Services (CMS), formerly the
Health Care Financing Administration (HCFA) is the operating component of the Department of
Health and Human Services (DHHS) charged with administering the Medicare program. CMS'
payment and audit functions under the Medicare program are contracted out to insurance
companies known as fiscal intermediaries. Fiscal intermediaries determine payment amounts
due the providers under Medicare law and under interpretive guidelines published by CMS. See,
42 U.S.C. §1395(h), 42 C.F.R. §§413.20(b) and 413.24(b).

At the close of its fiscal year, a provider must submit a cost report to the fiscal intermediary
showing the costs it incurred during the fiscal year and the proportion of those costs to be
allocated to Medicare. 42 C.F.R. §413.20. The fiscal intermediary reviews the cost report,
determines the total amount of Medicare reimbursement due the provider and issues the provider
a Notice of Program Reimbursement (NPR). 42 C.F.R. §405.1803. A provider dissatisfied with
the intermediary's final determination of total reimbursement may file an appeal with the
Provider Reimbursement Review Board (Board) within 180 days of the issuance of the NPR. 42
U.S.C. §1395oo(a); 42 C.F.R. §405.1835.

The Prospective Payment System (PPS) statute contains a number of provisions that adjust
reimbursement based on hospital-specific factors. See 42 U.S.C. §1395ww(d)(5). This case
involves one of the hospital-specific adjustments, specifically, the disproportionate share
adjustment. The "disproportionate share," or "DSH" adjustment, requires the Secretary to
provide increased PPS reimbursement to hospitals that serve a "significantly disproportionate
number of low-income patients." 42 U.S.C. §1395ww(d)(5)(F)(i)(I). Whether a hospital
qualifies for the DSH adjustment, and how large an adjustment it receives, depend on the
hospital's "disproportionate patient percentage." See 42 U.S.C. §1395ww(d)(5)(F)(v). The
"disproportionate patient percentage" is the sum of two fractions, the "Medicare and Medicaid
fractions," for a hospital's fiscal period. 42 U.S.C. §1395ww(d)(5)(F)(vi). The first fraction's
numerator is the number of hospital patient days for patients entitled to both Medicare Part A and
Supplemental Security Income, excluding patients receiving state supplementation only, and the
denominator is the number of patient days for patients entitled to Medicare Part A. Id. The
second fraction's numerator is the number of hospital patient days for patients who were eligible
for medical assistance under a State plan approved under Title XIX for such period but not
eligible for benefits under Medicare Part A, and the denominator is the total number of the

hospital's patient days for such period. Id.; see also 42 C.F.R. §412.106(b)(4). The second fraction is frequently referred to as the Medicaid Proxy and is the only fraction at issue.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY:

This matter involves seventeen different appeals brought by five Ohio providers who qualify for the DSH adjustment. The Medicaid Proxy, the fraction in dispute, accounts for all "patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State Plan approved under Title XIX, but who were not entitled to [Medicare Part A benefits]." 42 U.S.C. §1395ww(d)(5)(F)(vi)(II). In this case, all of the Providers participate in Ohio's Hospital Care Assurance Program (HCAP). HCAP is codified at Ohio Revised Code (O.R.C.) §5112 et. seq. and went into effect in 1989. The purpose of HCAP is to reimburse hospitals for the costs associated with uncompensated patient care. HCAP is funded on both the Federal and State levels and has traditionally been included as a part of the Ohio State Plan approved under Title XIX. At issue is whether HCAP patient days should be included in the second fraction to determine the Providers' DSH adjustment.

## PARTIES' CONTENTIONS:

The Providers argue that the language of the Medicare DSH statute is clear and unambiguous. Under the statute, the DSH calculation includes all "patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State Plan approved under Title XIX, but who were not entitled to [Medicare Part A benefits]." 42 U.S.C. §1395ww(d)(5)(F)(vi)(II). Because HCAP is part of Ohio's "State Plan approved under Title XIX," Ohio HCAP days should therefore be included in the DSH calculation. The Providers also note that the Board in Jersey Shore Medical Center v. Blue Cross and Blue Shield Association[1] determined that programs of medical assistance should be included in the DSH calculation.

AdminaStar Federal, Inc (Intermediary) contends that, while the Ohio HCAP statutory scheme is part of the overall approved State Medicaid Program, it does not automatically bring HCAP beneficiaries under the DSH Medicaid proxy. The Intermediary argues that the enabling DSH statute and its implementing regulation at 42 C.F.R. §412.106(b)(4) use different terms[2] but, when read collectively, clearly mean that Medicaid eligibility is required to be included in the Medicaid proxy. To obtain HCAP payments, Ohio hospitals must comply with Ohio State

---

1  Jersey Shore Medical Center vs. Blue Cross and Blue Shield Association/ Blue Cross and Blue Shield of New Jersey, PRRB Case No 95-0907, October 30, 1998.

2  42 U.S.C. §1395ww(d)(F)(vi)(II) defines patient days included in the numerator of the Medicaid proxy as "those days pertaining to patients eligible for medical assistance under a state plan approved under subchapter XIX of this chapter." 42 C.F.R. §1412.106(b)(4) requires that "the fiscal intermediary determines, for the same cost reporting period used for the first computation, the number of the hospital's patient days of service for which patients were eligible for Medicaid but not entitled to Medicare Part A, and divides that number by the total number of patient days in the same period."

Page 4                                          CNs.: Various (See Attached Inventory)

Revised Code section 5112.17(B), which states that individuals can be covered by HCAP only if they are <u>not</u> recipients of the Medicaid program. The Intermediary concludes from this requirement that HCAP (section 5112.17) patients are not "eligible for assistance under the state plan" because they are not eligible for Medicaid, and inpatient days of care rendered to them cannot be included in the Medicaid proxy.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND DISCUSSION:

The Board, after considering the Medicare law, program instructions and the parties' arguments, finds and concludes as follows:

It is undisputed that 42 U.S.C. §1395ww(d)(5)(F) governs the HCAP issue. Under the statute, the DSH calculation includes all "patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State Plan approved under Title XIX, but who were not entitled to [Medicare Part A benefits]." 42 U.S.C. §1395ww(d)(5)(F)(vi)(II). It is also undisputed that HCAP is included in the State of Ohio's approved plan under title XIX and that HCAP gets Federal matching funds. Further, it is undisputed that the HCAP program compensates hospitals that serve a disproportionately high number of low-income patients.

The Intermediary asserts that the Federal statute, when read collectively with its implementing regulation, limits "medical assistance" to Medicaid. The Intermediary argues that "eligible for medical assistance under a State Plan approved under Title XIX" is the statute's "long hand description of Medicaid" as used in the regulation, and the terms "Medicaid assistance" and Medicaid" are interchangeable in the context of this appeal. Because the Ohio State Code Section 5112.17 precludes patients who are participants in the Medicaid program from participation in HCAP, the Intermediary reasons that such preclusion must also apply to the Federal DSH Medicaid proxy. The Board does not concur. HCAP provides medical assistance for non-Medicaid patients, and it does not appear that the limitation in the Ohio statute was intended to limit the Federal statute. Regardless, the Board considers the Federal statute the controlling authority in this case and, as discussed earlier, that authority does not contain the limitation on medical assistance that the Intermediary proposes. The Board finds the language clear and unambiguous and finds that the federal DSH statute does not limit the patients covered to Medicaid patients only, but that it includes patients who qualify for "medical assistance" under Ohio's HCAP State Plan that is approved under Title XIX. HCAP patient days should, therefore, be included in the calculation of the Medicaid proxy to determine the Providers' DSH adjustments. Accordingly, the Intermediary's adjustments improperly excluded HCAP patient days from the Providers' DSH calculations.

## DECISION AND ORDER:

The Intermediary's adjustments improperly excluded HCAP patient days from the Providers' DSH calculations. HCAP patient days should be included in the calculation of the Medicaid proxy to determine the Providers' DSH adjustment.

Page 5                                         CNs.: Various (See Attached Inventory)

BOARD MEMBERS PARTICIPATING:

Suzanne Cochran, Esquire
Gary B. Blodgett, D.D.S.
Martin W. Hoover, Jr., Esquire
Elaine Crews Powell, C.P.A.
Anjali Mulchandani-West

FOR THE BOARD:

AUG 1 0 2005

Suzanne Cochran, Esq.
Chairperson

Page 6                                    CNs.: Various (See Attached Inventory)

HCAP Inventory

| Provider | Case Number | Fiscal Year End |
|----------|-------------|-----------------|
| Ashtabula County Medical | 99-2234 | 12/31/95 |
|  | 00-2367 | 12/31/96 |
| Community Hospital | 02-0636 | 06/30/99 |
|  | 03-0289 | 06/30/00 |
|  | 04-0009 | 06/30/01 |
| Akron General | 00-1306 | 12/31/96 |
|  | 99-1142 | 12/31/95 |
| Lima Memorial | 01-1143 | 12/31/97 |
|  | 02-0894 | 12/31/98 |
|  | 02-2099 | 12/31/99 |
|  | 03-0021 | 06/30/00 |
| Toledo Hospital | 00-3419 | 12/31/89 |
|  | 00-3420 | 12/31/90 |
|  | 00-3421 | 12/31/91 |
|  | 00-3422 | 12/31/93 |
|  | 00-3423 | 12/31/94 |
|  | 99-2126 | 12/31/95 |

Enclosure

**Final Decision Review and Appeal Information**

The Provider Reimbursement Review Board's (Board) decision
becomes final 60 days after the date of receipt by the provider
unless within that time the Administrator of HCFA notifies the
parties of an action taken under the provisions of 42 C.F.R.
§ 405.1875.  If such action is taken, then the Administrator's
decision becomes final 60 days after receipt thereof by the
provider.

Providers are permitted to initiate two actions within specified
time limits.  First, the provider (and/or the intermediary) may
request the Administrator to review a Board decision within 15
days of its receipt.  (See § 405.1875(b)).  Secondly, Section
1878(f) of the Social Security Act ("Act"), 42 U.S.C.
§ 1395oo(f), permits a provider to obtain judicial review of a
final decision of either the Board or the Administrator by filing
a civil action within 60 days of the date on which the provider
receives such decision.  (See also 42 C.F.R. § 405.1877).  For
your convenience, a copy of each of the above-referenced
authorities is enclosed.

Enclosures

§ 405.1875  Administrator's review.

(a) *General rule.* (1) Except for a Board determination under § 405.1842 that it lacks the authority to decide an issue, the Administrator, at his or her discretion, may review any final decision of the Board, including a decision under § 405.1873 about the Board's jurisdiction to grant a hearing. The Administrator may exercise this discretion on his or her own motion, in response to a request from a party to a Board hearing or in response to a request from HCFA.

(2) The Office of the Attorney Advisory will examine the Board's decisions, the requests made by a party or HCFA and any submission made in accordance with the provisions of this section in order to assist the Administrator in deciding whether to exercise this review authority.

(b) *Request for review.* A party or HCFA requesting the Administrator to review a Board decision must file a written request with the Administrator within 15 days of the receipt of the Board decision.

(c) *Criteria for deciding whether to review.* In deciding whether to review a Board decision, either on his or her own motion or in response to a request from a party to the hearing or HCFA, the Administrator will normally consider whether it appears that:

(1) The Board made an erroneous interpretation of law, regulation or HCFA Ruling;

(2) The Board's decision is not supported by substantial evidence; or

(3) The case presents a significant policy issue having a basis in law and regulations, and review is likely to lead to the issuance of a HCFA Ruling or other directive needed to clarify a statutory or regulatory provision;

(4) The Board has incorrectly assumed or denied jurisdiction or extended its authority to a degree not provided for by statute, regulation or HCFA Ruling; and

(5) The decision of the Board requires clarification, amplification, or an alternative legal basis for the decision.

(d) *Decision to review.* (1) Whether or not a party or HCFA has requested review, the Administrator will promptly notify the parties and HCFA whether he or she has decided to review a decision of the Board and, if so, will indicate the particular issues he or she will consider.

(2) The Administrator may decline to review a case or any issue in a case even if a party has filed a written request for review under paragraph (b) of this section.

(e) *Written submissions.* (1) Within 15 days of receipt of a notice that the Administrator has decided to review a Board decision, a party or HCFA may submit to the Administrator, in writing:

(i) Proposed findings and conclusions;

(ii) Supporting views or exceptions to the Board decision;

(iii) Supporting reasons for the exceptions and proposed findings; and

(iv) A rebuttal of the other party's request for review or other submissions already filed with the Administrator.

(2) These submissions shall be limited to issues the Administrator has decided to review and confined to the record of the Board hearing.

(3) A party or HCFA, within 15 days of receipt of a notice that the Administrator has decided to review a decision, may also request that the decision be remanded and state reasons for doing so. Reasons for a request to remand may include new, substantial evidence concerning—

(i) Issues presented to the Board; and

(ii) New issues that have arisen since the case was presented to the Board.

(4) A copy of any written submission made under this paragraph shall be sent simultaneously to each other party to the Board hearing and to HCFA, if HCFA has previously—

(i) Requested that the Administrator review a Board decision or filed a written submission in response to a party's request for review.

(ii) Responded to a party's request for review; or

(iii) Submitted material after the Administrator has announced that he or she will review a Board decision.

(f) *Ex parte communications prohibited.* All communications from any of the parties or HCFA about a Board decision being reviewed by the Administrator must be in writing and must contain a certification that copies have been served on the parties and HCFA, as appropriate. The Administrator will not consider any communication that does not meet these requirements or is not submitted within the required time limits.

(g) *Administrator's decision.* (1) If the Administrator has notified the parties and HCFA that he or she has decided to review a Board decision, the Administrator will affirm, reverse, modify or remand the case.

(2) The Administrator will make this decision within 60 days after the provider received notification of the Board decision and will promptly mail a copy of the decision to each party and to HCFA.

(3) Any decision other than to remand will be confined to—

(i) The record of the Board, as forwarded to the Board;

(ii) Any materials submitted under paragraphs (b) or (e) of this section; and

(iii) Generally known facts that are not subject to reasonable dispute.

(4) The Administrator may rely on prior decisions of the Board, the Administrator and the courts, and other applicable law, whether or not cited by the parties and HCFA.

(h) *Remand.* (1) A remand to the Board by the Administrator vacates the Board's decision.

(2) The Administrator may direct the Board to take further action with respect to the development of additional facts or new issues, or to consider the applicability of laws or regulations other than those considered by the Board. The following are not acceptable bases for remand—

(i) Presentation of evidence existing at the time of the Board hearing that was known or reasonably could have been known;

(ii) Introduction of a favorable court case that was either not available in print at the time of the Board hearing or was decided after the Board hearing;

(iii) Change of a party's representation before the Board;

(iv) Presentation of an alternative legal basis concerning an issue in dispute; or

(v) Attempted retraction of a waiver of a right made before or at the Board hearing.

(3) After remand, the Board will take the action requested in the remand action and issue a new decision.

(4) The new decision will be final unless the Administrator reverses, affirms, modifies, or again remands the decision in accordance with the provisions of the section.

[48 FR 45773, Oct. 7, 1983]

# THE SOCIAL SECURITY ACT AS AMENDED - TITLE XVIII

## Section 1878(f)(1) Judicial Review

(f)(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing. Such action shall be brought in the district court of the United States for the judicial district in which the provider is located (or, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia and shall be tried pursuant to the applicable provisions under chapter 7 of title 5, United States Code, notwithstanding any other provisions in section 205. Any appeal to the Board or action for judicial review by providers which are under common ownership or control or which have obtained a hearing under subsection (b) must be brought by such providers as a group with respect to any matter involving an issue common to such providers.

**§ 405.1877  Judicial review.**

(a) *General rule.* Section 1878(f) of the Act permits a provider to obtain judicial review of a final decision of the Board, or of a reversal, affirmation, or modification by the Administrator of a Board decision, by filing a civil action pursuant to the Federal Rules of Civil Procedure within 60 days of the date on which the provider received notice of—

(1) A final decision by the Board; or

(2) Any reversal, affirmance, or modification by the Administrator.

The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision.

(b) *Administrator declines to review a Board decision.* If the Administrator declines to review a Board decision, the provider must file its appeal within 60 days of receipt of the decision of the Board.

(c) *Administrator does not act after reviewing a Board decision.* If the Administrator notifies the parties that he or she has decided to review a Board decision and then does not make a decision within the 60 days allotted for his or her review, this subsequent inaction constitutes an affirmance allowing a provider an additional 60 days in which to file for judicial review, beginning with the date the Administrator's time expires for taking action under § 405.1875(g)(2).

(d) *Matters not subject to judicial review.* Certain matters affecting payments to hospital under the prospective payment system are not subject to judicial review, as provided in section 1886(d)(7) of the Act and § 405.1804.

(e) *Group appeals.* Any action under this section by providers that are under common ownership or control (see § 413.17 of this chapter) must be brought by the providers as a group with respect to any matter involving an issue common to the providers.

(f) *Venue for appeals.* An action for judicial review must be brought in the District Court of the United States for the judicial district in which the provider is located (or, effective April 20, 1983, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia. Effective April 20, 1983, any action for judicial review by providers under common ownership or control (§ 413.17 of this chapter), must be brought by such providers as a group with respect to any matter involving an issue common to the providers.

(g) *Service of process.* Process must be served as described under 45 CFR part 4.

[48 FR 39835, Sept. 1, 1983, as amended at 48 FR 45774, Oct. 7, 1983; 51 FR 34793, Sept. 30, 1986]

(a)     General rule
Section 1878(f) of the Act permits a provider to obtain judicial review of a final decision of the Board, or of a reversal, affirmation, or modification by the Administrator of a Board decision, by filing a civil action pursuant to the Federal Rules of Civil Procedure within 60 days of the date on which the provider received notice of--
(1)     A final decision by the Board; or
(2)     Any reversal, affirmance, or modification by the Administrator.
The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision.

(b)     Administrator declines to review a Board decision
If the Administrator declines to review a Board decision, the provider must file its appeal within 60 days of receipt of the decision of the Board.

(c)     Administrator does not act after reviewing a Board decision
If the Administrator notifies the parties that he or she has decided to review a Board decision and then does not make a decision within the 60 days allotted for his or her review, this subsequent inaction constitutes an affirmance allowing a provider an additional 60 days in which to file for judicial review, beginning with the date the Administrator's time expires for taking action under Section 405.1875(g)(2).

(d)     Matters not subject to judicial review
Certain matters affecting payments to hospital under the prospective payment system are not subject to judicial review, as provided in Section 1886(d)(7) of the Act and Section 405.1804.

(e)     Group appeals
Any action under this section by providers that are under common ownership or control (see Section 405.427) must be brought by the providers as a group with respect to any matter involving an issue common to the providers.

(f)     Venue for appeals
An action for judicial review must be brought in the District Court of the United States for the judicial district in which the provider is located (or, effective April 20, 1983, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia. Effective April 20, 1983, any action for judicial review by providers under common ownership or control (Section 405.427), must be brought by such providers as a group with respect to any matter involving an issue common to the providers.

(g)     Service of process
Process must be served as described under 45 CFR Part 4.

(41 FR 52051, Nov. 26, 1976. Redesignated at 42 FR 52826, Sept. 30, 1977 amended at 48 FR 39836, Sept. 1, 1983; 48 FR 45774, Oct. 7, 1983)