IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADENA REGIONAL MEDICAL CENTER, et al. | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civ. Action No. 1:05cv02422 (RWR) |
| MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services, | ) ) ) ) ) |  |
| Defendant. | ) ) ) |  |

## ANSWER

Defendant, by and through its undersigned counsel, answers Plaintiffs' Complaint as follows[1]:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth

---

[1] This is a record review case. Compl. at ¶ 2. Defendant notes that prior to the filing of this Answer and prior to the compilation and filing of the record in this case, Plaintiffs moved for summary judgment. As explained in more detail in the motion filed contemporaneously herewith, Defendant respectfully requests that the Court enter a briefing schedule for this case allowing Defendant to submit his opposition and/or cross-motion after Defendant has had an opportunity to file this Answer and the administrative record, which is necessary for any briefing in this case. Alternatively, the Court should defer consideration of Plaintiffs' motion until after the Court establishes a schedule for this case.

of the allegations in the first sentence. The second and third sentences contain conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. The fourth sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit that the days at issue in this case were not counted in certain calculations. Denies the fifth sentence.

    2. This paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required. Defendant admits that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

    3. This paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required. Defendant refers the Court to the cited statutory provision for a full and accurate statement of its contents, see 42 U.S.C. § 1395oo(f)(1).

    4. Admits.

    5. Denies, except to admit that the hospitals are located in the State of Ohio and are licensed Medicare providers.

    6-31. Admits.

    32. Admits the first sentence. The second and third sentences contain plaintiffs' characterization of Title XVIII of the Social Security Act, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its

contents.

33. Admits the first sentence. The second and third sentences contain plaintiffs' characterizations of 42 U.S.C. § 1395f(b) and 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which Court is referred for a full and accurate statement of their contents. Denies the fourth sentence, except to admit that generally, under PPS, hospitals are paid predetermined amounts for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

34. Admits.

35. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 C.F.R. § 413.23(f) and 42 C.F.R. § 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which the Court is referred for a full and accurate statement of their contents.

36. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395oo(a), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

37-39. These paragraphs contain conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

40. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(C)(i), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

41. Admits.

42. This paragraph contains plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

43. This paragraph contains plaintiffs' characterizations of this action and of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

44. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

45. Admits that if a provider qualifies for a Medicare disproportionate share ("DSH") adjustment, a larger number of patient days in the numerator of the Medicaid proxy can result in a larger DSH adjustment, but otherwise denies.

46. Admits the first sentence. The second sentence contains conclusions of law and plaintiffs' characterization of Title XIX of the Social Security Act, not allegations of fact, and

thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

47. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. §§ 1396d, 1396(a)(10)(A), and 1396(a)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

48. This paragraph contain conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1396(a)(13)(A), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

49. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1396 and 42 U.S.C. § 1396a , not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

50-51. These paragraphs contain conclusions of law, not allegations fact, and thus no response is required; to the extent a response is deemed necessary, denies.

52. Responding to the allegations in the first sentence, admits that, in computing the Hospital's Medicare DSH adjustment for the fiscal years at issue in this case, the Medicare fiscal intermediary excluded the days at issue in this case from the numerator of the Medicaid proxy.

Denies the second sentence.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. Admits the first sentence. The second and third sentences contain plaintiffs' characterization of their administrative appeals, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

55. Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See Certified Administrative Record ("A.R.") at 83.

56. Admits the existence of the referenced decision by the Provider Reimbursement Review Board, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 2.

57. Admits the first sentence. The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395oo(f)(1), to which the Court is referred for a full and accurate statement of its contents.

58-59. Denies.

60. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 59 of the Complaint, as if each answer were set forth in full.

61. This paragraph contains conclusions of law and plaintiffs' characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

62. This paragraph contains plaintiffs' characterization of this action and conclusions of

law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

63. Responding to the allegations in the first sentence, admits that the intermediary excluded the days at issue in this case from the numerator of the Medicaid proxy of the DSH calculation. The second sentence contains plaintiffs' characterization of this action and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

64. Denies.

65-66. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

67-70. Denies.

The Secretary specifically denies all allegations in plaintiffs' Complaint not otherwise answered or qualified herein. In addition, the Secretary denies that plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

                                                  Respectfully submitted,

                                                  /s/
                                        KENNETH L. WAINSTEIN
                                        United States Attorney
                                        D.C. Bar No. 451058

                                                  /s/
                                        PETER S. SMITH
                                        Assistant United States Attorney
                                        D.C. Bar No. 465131
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 307-0372/FAX: (202) 514-8780

_____
DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services