IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADENA REGIONAL MEDICAL CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>Secretary, United States Department of Health and Human Services,<br><br>Defendant. | Civ. Action No. 05-2422 (GK) |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7(h) and 56.1, Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, hereby sets forth the following statement of facts as to which there is no genuine issue.

1. Plaintiffs are twenty-five hospitals located in the State of Ohio. Complaint and Answer ¶¶ 5-32, 54.

2. In determining the amount of Medicare payment for plaintiff hospitals for the fiscal years at issue in this case, the fiscal intermediary did not count, in the numerator of the Medicaid fraction of the Medicare disproportionate share hospital ("DSH") calculation, patient days of patients who received charity care from plaintiffs (pursuant to the State of Ohio's Hospital Care Assurance Program) but who are not eligible for Medicaid. Complaint and Answer ¶ 52.

3. For the time period at issue in this case, the State of Ohio had a State plan for medical

assistance approved by the Secretary under Title XIX of the Social Security Act (the Medicaid statute). Complaint ¶ 50; Answer ¶ 50. Under the terms of the State plan, Ohio makes an additional Medicaid payment to hospitals that serve a disproportionate share of patients with special needs. 42 U.S.C. § 1396a(a)(13)(A); 42 U.S.C. § 1396r-4. The Ohio State plan refers to this system as the Hospital Care Assurance Program ("HCAP"). Exhibit A to Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' MSJ"); Exhibit C to Plaintiffs' MSJ at 2.

    4. Section 5112.17(B) of the Ohio Revised State code states that hospitals receiving Medicaid DSH payments must provide a minimal amount of care free of charge to patients who "are not recipients of the medical assistance program, and whose income is at or below the federal poverty guidelines." Id. Section 5111.01 of the Ohio Revised State Code defines "medical assistance program" or "medicaid" as "the program that is authorized by this chapter and provided by the department of job and family services under this chapter, Title XIX of the 'Social Security Act' 79 Stat 286 (1965), 42 U.S.C.A. § 1396, as amended, and the waivers of Title XIX requirements granted to the department by the health care financing administration of the United States department of health and human services."

    5. Plaintiffs filed cost reports for each of the individual cost reporting periods at issue in this case, and the fiscal intermediaries issued Notices of Amount of Program Reimbursement ("NPRs") for each of the cost reports. Certified Administrative Record ("A.R") 2-12.

    6. During the administrative appeals process for this matter, plaintiffs submitted a letter to the Provider Reimbursement Review Board ("PRRB") requesting expedited judicial review. A.R. at 83-171. Plaintiffs' letter states that HCAP is "designed to reach those individuals whose

income is at or below the federal poverty line and <u>who were not recipients of Medicaid</u>," A.R. at 88 (emphasis added), and "beneficiaries of [HCAP] are not eligible for Medicaid," <u>id.</u> at 89.

6. The PRRB found that it had jurisdiction over plaintiffs' claims, but lacked authority to decide the "legal question of whether 42 C.F.R. § 412.106" was valid . A.R. 2-3. The PRRB granted expedited judicial review on December 7, 2005. <u>Id.</u>

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


/s/
PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372/FAX: (202) 514-8780


DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

3

MARK D. POLSTON
Deputy Associate General Counsel
for Litigation

United States Department of Health
and Human Services