UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADENA REGIONAL MEDICAL CENTER, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:05cv02422 (GK) |
| MICHAEL O. LEAVITT, ) | |
| Secretary, United States Department of ) | |
| Health and Human Services ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Plaintiffs, by counsel and pursuant to Fed. R. Civ. P. 56 and Local Civil Rules 7(h) and 56.1, respond as follows to the Defendant's Statement of Material Issues as to Which There is No Genuine Issue, filed in support of Defendant's Cross-Motion for Summary Judgment.

1.  Admitted. Plaintiffs are 25 Ohio hospitals, or however many are listed on the face of the complaint and contained within the body of that pleading.

2.  Admitted in part, and denied in part. The term "charity care" is undefined as used in this paragraph and the averment that the days at issue were "charity care" days is therefore denied on that basis. The term "Medicaid" is also undefined as used in the corresponding paragraph. The term is not used in the Medicare DSH statute and has not been defined by the Secretary for purposes of the corresponding paragraph. The Hospitals, however, do admit that the patient days that were excluded from the Medicare DSH calculation were days for which patients were eligible for coverage as defined by the Hospital Care Assurance Program as set forth in Ohio's State Plan of Medical Assistance approved by the Secretary of Health and Human

Services. See, e.g., Exhibits A and B attached to the Hospitals' reply and opposition to cross-motion. Admitted that HCAP patients were not eligible for traditional Medicaid.

3. Admitted that certain HCAP days are the subject of federal matching funds through the Medicaid disproportionate share federal financial participation. It is denied, however, that the meaning of the terms "Hospital Care Assurance Program" and "Ohio Medicaid DSH" are coextensive. Furthermore, even if the terms "Hospital Care Assurance Program" and "Ohio Medicaid DSH" were coextensive, it is denied that this would be relevant to the question of whether HCAP days must be included in the Medicare DSH calculation. The HCAP program, as set forth in paragraph 2 above, provides medical assistance to individual patients found to be eligible for such assistance under the approved Ohio State Plan. See Exhibits A and B attached to the Hospitals' reply and opposition to cross-motion. Under the Medicare DSH statute, this is enough to require the inclusion of such patient days in the Medicare DSH calculation as days for which patients were eligible for medical assistance under a State Plan approved under Title XIX, regardless and irrespective of whether such days are associated in some way with determining Medicaid (not Medicare) DSH payments.

4. The corresponding paragraph cites to the definition of "medical assistance" appearing in the Ohio statutes. That definition does not purport to define "medical assistance" for purposes of the Medicare DSH calculation or, for that matter, any other purpose, other than the limited purpose of explaining the details of Ohio's Medicaid program within the context of Ohio's statutes. The corresponding paragraph is denied for two reasons: (1) it does not contain any statements of fact, but rather only citations and references to law and (2) it presupposes that the definition of the term "medical assistance" in the Ohio statutes is, for reasons unknown, somehow relevant to the construction of federal law, namely the Medicare DSH statute. For

- 3 -

these reasons, as well as the argument set forth in the Hospitals' briefs in this matter, the corresponding paragraph is denied as irrelevant and consisting of legal argument.

5. Admitted that cost reports were filed and NPR's were issued.

6. Admitted that an EJR request was sent to the Board. It is further admitted that patients eligible for HCAP medical assistance under the approved Ohio State Plan are not eligible for traditional Medicaid. Any interpretation of the document urged by the Secretary is rejected in favor of the text of the document itself.

7. (misnumbered as a second number "6' in the Secretary's document). The PRRB's EJR decision speaks for itself and is part of the record. The entire decision is incorporated by reference in this paragraph as if fully set forth at length below. It is denied that the PRRB's EJR determination is at issue in this litigation. Rather, the issue which is outlined in the Hospitals' complaint and is the subject of the Hospitals' motion is whether HCAP days are days for which patients were eligible for medical assistance under a State Plan approved under Title XIX. For these reasons, the corresponding paragraph is denied as irrelevant and misleading.

Respectfully submitted,

   /s/ Murray J. Klein
Murray J. Klein
DC Bar #492415
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 facsimile
JBennett@ReedSmith.com

Dated: May 3, 2006