| DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH CARE FINANCING ADMINISTRATION | | FORM APPROVED<br>OMB NO. 0938-0193 |
|---|---|---|
| **TRANSMITTAL AND NOTICE OF APPROVAL OF STATE PLAN MATERIAL**<br>FOR: HEALTH CARE FINANCING ADMINISTRATION | 1. TRANSMITTAL NUMBER:<br>0 1 — 0 0 1 | 2. STATE:<br>Ohio |
| | 3. PROGRAM IDENTIFICATION: TITLE XIX OF THE SOCIAL SECURITY ACT (MEDICAID) | |
| TO: REGIONAL ADMINISTRATOR<br>HEALTH CARE FINANCING ADMINISTRATION<br>DEPARTMENT OF HEALTH AND HUMAN SERVICES | 4. PROPOSED EFFECTIVE DATE<br>~~December 14, 2000~~ January 1, 2001 GMC | |

5. TYPE OF PLAN MATERIAL (Check One):

☐ NEW STATE PLAN       ☐ AMENDMENT TO BE CONSIDERED AS NEW PLAN       ☒ AMENDMENT

COMPLETE BLOCKS 6 THRU 10 IF THIS IS AN AMENDMENT (Separate Transmittal for each amendment)

| 6. FEDERAL STATUTE/REGULATION CITATION:<br>CFR Part 441 Subpart C; 42 CFR Part 441 Subpart D;<br>CFR Part 447 Subpart C | 7. FEDERAL BUDGET IMPACT:<br>a. FFY _____ $ none<br>b. FFY _____ $ |
|---|---|
| 8. PAGE NUMBER OF THE PLAN SECTION OR ATTACHMENT:<br><br>Rule 5101:3-2-07.17 | 9. PAGE NUMBER OF THE SUPERSEDED PLAN SECTION OR ATTACHMENT (If Applicable):<br><br>Rule 5101:3-2-07.17 |

10. SUBJECT OF AMENDMENT:

Hospital Care Assurance Program (HCAP)

11. GOVERNOR'S REVIEW (Check One):

☐ GOVERNOR'S OFFICE REPORTED NO COMMENT           ☒ OTHER, AS SPECIFIED:
☐ COMMENTS OF GOVERNOR'S OFFICE ENCLOSED          Governor has delegated review to ODHS Director
☐ NO REPLY RECEIVED WITHIN 45 DAYS OF SUBMITTAL

| 12. SIGNATURE OF STATE AGENCY OFFICIAL:<br>*[signature]* | 16. RETURN TO: |
|---|---|
| 13. TYPED NAME:<br>Jacqueline Romer-Sensky | Ohio Department of Job & Family Services<br>Bureau of Health Plan Policy<br>30 E. Broad Street, 27th Floor<br>Columbus, OH 43266-0423<br>Attn: Becky Jackson |
| 14. TITLE:<br>Director | |
| 15. DATE SUBMITTED:<br>January 24, 2001 | |

FOR REGIONAL OFFICE USE ONLY

| 17. DATE RECEIVED:<br>2/8/01 | 18. DATE APPROVED:<br>4\6\01 |
|---|---|

PLAN APPROVED - ONE COPY ATTACHED

| 19. EFFECTIVE DATE OF APPROVED MATERIAL:<br>January 1, 2001 | 20. SIGNATURE OF REGIONAL OFFICIAL:<br>*[signature]* |
|---|---|
| 21. TYPED NAME:<br>Cheryl A. Harris | 22. TITLE: Acting Associate Regional Administrator<br>Division of Medicaid and Children's Health |

23. REMARKS:

RECEIVED
FEB 0 8 2001
DMCH - IL/IN/OH

FORM HCFA-179 (07-92)         Instructions on Back

245

5101:3-2-07.17   <u>Provision of basic, medically necessary hospital-level services.</u>

Under the provisions of section 5112.17 of the Revised Code, each hospital that receives payment under the provisions of Chapter 5112. of the Revised Code, shall provide, without charge to the individual, basic, medically necessary hospital-level services to the individual who is a resident of this state, is not a recipient of the medicaid program and whose income is at or below the federal poverty line. Residence is established by a person who is living in Ohio voluntarily ~~with the intent to remain~~ and who is not receiving public assistance in another state. Current recipients of the disability assistance program as defined in Chapter 5115. of the Revised Code, qualify for services under the provisions of this rule.

(A)   Definitions.

   (1) "Basic, medically necessary hospital level services" are defined as all inpatient and outpatient services covered under the medicaid program in Chapter 5101:3-2 of the Administrative Code with the exception of transplantation services and services associated with transplantation. These covered services must be ordered by an Ohio licensed physician and delivered at a hospital where the physician has clinical privileges and where such services are permissible to be provided by the hospital under its certificate of authority granted under Chapters 3711., 3727., and/or 5119. of the Revised Code. Hospitals will be responsible for providing basic, medically necessary hospital-level services to those persons described in paragraph (B) of this rule.

   (2) "Third-party payer" means any private or public entity or program that may be liable by law or contract to make payment to or on behalf of an individual for health care services. Third-party payer does not include a hospital.

(B)   Determination of eligibility.

   A person is eligible for basic, medically necessary hospital-level services under the provisions of this rule if the person is a current recipient of the disability assistance (DA) program or the person's individual or family income is at or below the current poverty guideline issued by the secretary pursuant to 42 U.S.C. 9902 that applies to the individual or family when calculated by either of the methods described in paragraphs (B)<u>(2)(a)</u>~~(1)~~ and (B)(2)<u>(b)</u> of this rule on the date these services were provided.

   <u>(1)</u> For purposes of this rule, a "family" shall include the PATIENT, THE PATIENT'S SPOUSE, AND ALL OF THE PATIENT'S CHILDREN, ~~parent(s), their spouse(s), and all their children,~~ natural or adoptive, under the age of

TN No. __01-001__   Approval Date: _____
      Supersedes
TN No. __96-008__   Effective Date: __1-1-01__

247

5101:3-2-07.17                                                         Page 2 of 5

eighteen who live in the home. IF THE PATIENT IS UNDER THE AGE OF EIGHTEEN, THE "FAMILY" SHALL INCLUDE THE PATIENT, THE PATIENT'S NATURAL OR ADOPTIVE PARENT(S), AND THE PARENT(S)' CHILDREN, NATURAL OR ADOPTIVE UNDER THE AGE OF EIGHTEEN WHO LIVE IN THE HOME. IF THE PATIENT IS THE CHILD OF A MINOR PARENT WHO STILL RESIDES IN THE HOME OF THE PATIENT'S GRANDPARENTS, THE "FAMILY" SHALL INCLUDE ONLY THE PARENT(S) AND ANY OF THE PARENT(S)' CHILDREN, NATURAL OR ADOPTIVE WHO RESIDE IN THE HOME.

(2) "INCOME" SHALL BE DEFINED AS TOTAL SALARIES, WAGES, AND CASH RECEIPTS BEFORE TAXES; RECEIPTS THAT REFLECT REASONABLE DEDUCTIONS FOR BUSINESS EXPENSES SHALL BE COUNTED FOR BOTH FARM AND NON-FARM SELF-EMPLOYMENT. INCOME WILL BE CALCULATED BY:

(a)(1)   Multiplying by four the person's or family's income, as applicable, for the three months preceding the date hospital services were provided;

(b)(2)   Using the person's or family's income, as applicable, for the twelve months preceding the date hospital services were provided.

(3) FOR OUTPATIENT HOSPITAL SERVICES, A HOSPITAL MAY CONSIDER AN ELIGIBILITY DETERMINATION TO BE EFFECTIVE FOR NINETY DAYS FROM THE INITIAL SERVICE DATE, DURING WHICH A NEW ELIGIBILITY DETERMINATION NEED NOT BE COMPLETED. ELIGIBILITY FOR INPATIENT HOSPITAL SERVICES MUST BE DETERMINED SEPARATELY FOR EACH ADMISSION, UNLESS THE PATIENT IS READMITTED WITHIN FORTY-FIVE DAYS OF DISCHARGE FOR THE SAME UNDERLYING CONDITION. ELIGIBILITY FOR RECIPIENTS OF THE DISABILITY ASSISTANCE PROGRAM MUST BE VERIFIED ON A MONTHLY BASIS.

(4) THE HOSPITAL SHALL ACCEPT APPLICATION FOR SERVICES WITHOUT CHARGE UNTIL THREE YEARS FROM THE DATE OF THE FOLLOW-UP NOTICE, AS DESCRIBED IN PARAGRAPHS (C)(2) AND (C)(3) OF THIS RULE, HAS ELAPSED.

(5) APPLICANTS SHALL COOPERATE IN SUPPLYING INFORMATION ABOUT HEALTH INSURANCE OR MEDICAL BENEFITS AVAILABLE SO

TN No. __01-002__          Approval Date: _____
        Supersedes
TN No. __96-008__          Effective Date: __1-1-01__

5101:3-2-07.17                                                              Page 3 of 5

A HOSPITAL MAY DETERMINE ANY POTENTIAL THIRD-PARTY RESOURCES THAT MAY BE AVAILABLE.

(6) NOTHING IN THIS RULE SHALL BE CONSTRUED TO PREVENT A HOSPITAL FROM REQUIRING AN INDIVIDUAL TO APPLY FOR ELIGIBILITY UNDER THE MEDICAL ASSISTANCE PROGRAM BEFORE THE HOSPITAL PROCESSES AN APPLICATION UNDER THIS RULE.

(C) Billing requirements.

Hospitals may bill any third-party payer that has a legal liability to pay for services rendered under the provisions of this rule. Hospitals may bill the medicaid program in accordance with Chapter 5111. of the Revised Code and the rules adopted under that chapter for services rendered under the provisions of this rule if the individual becomes a recipient of the medicaid program. Hospitals may bill individuals for services if all of the following apply:

(1) The hospital has an established post-billing procedure for determining the individual's income and canceling the charges if the individual is found to qualify for services under the provisions of this rule;

(2) The initial bill, and at least the first follow-up bill is accompanied by a written statement that does all of the following:

  (a)    Explains that individuals with income at or below the federal poverty guidelines are eligible for services without charge;

  (b)    Specifies the federal poverty guideline for individuals and families of various sizes at the time the bill is sent; and

  (c)    Describes the procedure required by paragraph (C)(1) of this rule.

(3) IF THE WRITTEN STATEMENT AS DESCRIBED IN PARAGRAPH (C)(2) OF THIS RULE IS PRINTED ON THE BACK OF THE HOSPITAL'S BILL OR DATA-MAILER, THE HOSPITAL MUST REFERENCE THE STATEMENT ON THE FRONT OF THE BILL OR DATA-MAILER.

(4) (3) Notwithstanding paragraph (B) of this rule, a hospital providing care to an individual under the provisions of this rule is subrogated to the rights of any individual to receive compensation or benefits from any person or governmental entity for the hospital goods and services rendered.

TN No. __01-001__       Approval Date: _____
       Supersedes
TN No. __96-008__       Effective Date: __1-1-01__

249

5101:3-2-07.17                                                          Page 4 of 5

(D) Notice requirements.

    Each hospital that receives payment under Chapter 5112. of the Revised Code shall post notices in appropriate areas in the facility, including but not limited to the admissions areas, the business office and the emergency room which specify the rights of persons with incomes at or below the federal poverty line to receive, without charge to the individual, basic, medically necessary hospital-level services at the hospital.

    Posted notices must contain the following in order to comply with the requirement as described in this paragraph:

    (1) At a minimum, the posted notices must specify the rights of these individuals to receive without charge, basic, medically necessary hospital-level services;

    (2) The wording of the posted notice must be clear and in simple terms understandable by the population serviced;

    (3) Posted notice must be printed in English and other major languages that are common to the population of the area serviced;

    (4) The posted notice must be clearly readable at a distance of twenty feet or the expected vantage point of the patrons;

    (5) The facility shall make reasonable efforts to communicate the contents of the posted notice to persons it has reason to believe cannot read the notice.

(E) Reporting requirements.

    Each hospital shall collect and report to the department information on the number and categorical identity of persons served under the provisions of this rule.

    (1) This information will be reported on the JFS 02930, SCHEDULE F ~~ODHS 2929, "Service Summary Sheet"~~ which must be submitted annually. The JFS 02930 ~~"Service Summary Sheet"~~ and instructions for completion are located in appendix A of this rule 5101:3-2-28 OF THE ADMINISTRATIVE CODE.

    (2) Each hospital shall maintain, make available for department review and provide to the department on request, any records necessary to document its compliance with the provisions of this rule, including:

                                                  APP 0 4 200

TN No. __01-001__                  Approval Date: _____
      Supersedes
TN No. __96-008__                  Effective Date: __1-1-01__

5101:3-2-07.17                                                         Page 5 of 5

    (a)    Any documents, including medical records of population served, from which the information required to be reported on the JFS 02930 ~~ODHS 2929~~ was obtained;

    (b)    Accounts which clearly segregate the services rendered under the provisions of this rule from other accounts; and

    (c)    Copies of the determinations of eligibility under paragraph (B) of this rule.

    (d)    A copy of the disability assistance card OR OTHER EVIDENCE OF ELIGIBILITY for any person who is a recipient of the disability assistance program at the time the services defined in paragraph (A) of this rule were delivered.

(3) Hospitals must retain these records for three years after submission of the JFS 02930 ~~"Service Summary Sheet"~~ except when a longer period is required by the department, or until one hundred eighty days following the close of a departmental review, whichever is less.

(F) This rule in no way alters the scope or limits the obligation of any governmental entity or program, including the program awarding reparations to victims of crime under sections 2743.51 to 2743.72 of the Revised Code, AND the program for medically handicapped children established under section 3701.023 of the Revised Code, ~~and the hospital motor vehicle claims program established under sections 3701.61 to 3701.69 of the Revised Code,~~ to pay for hospital services in accordance with state or local law.

Effective Date:    12/14/2000
Review Date:       9/8/00, 9/8/05
Certification:     _____
                                      Date

Promulgated Under RC Chapter 119.
Statutory Authority RC Section 5112.03
Rule Amplifies RC Sections 5112.03, 5112.17
Prior Effective Dates: 5/22/92 (Emer.), 8/20/92, 2/1/93, 7/16/93 (Emer.), 9/30/93, 10/1/93 (Emer.), 12/30/93, 1/20/95, 3/16/96, 5/22/97

TN No.  01-001       Approval Date: _____
        Supersedes
TN No.  96-008       Effective Date: 1-1-01

2

252