IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADENA REGIONAL MEDICAL CENTER, et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Civ. Action No. 05-2422 (GK/LFO) |
| MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S RESPONSE TO THE
JANUARY 10, 2007 ORDER OF JUDGE OBERDORFER**

On January 10, 2007, the Court directed the parties to file a memorandum explaining how, if at all, Cookeville Regional Medical Center v. Leavitt, Civ. A. No. 04-1053 (JR) (D.D.C.) applies to this case. As explained below, the Secretary believes that the Cookeville case does not apply to this case; to the extent that Cookeville can be viewed as relevant to this case, it is consistent with the Secretary's position and does not support Plaintiffs' position.

Plaintiffs in this case challenge an interpretation of the Medicare statute by the Secretary of the United States Department of Health and Human Services. The Medicare statutory provision at issue provides additional Medicare payments (Medicare "DSH" payments) to hospitals that serve a disproportionate share of low-income patients, as determined in accordance with the statute and implementing regulations. The statute requires the agency to count, among other things, patient days of patients who are "eligible for medical assistance under a State plan approved under title XIX [of the Social Security Act, i.e., the Medicaid statute]." As reflected in the governing regulations, the Secretary interpreted the quoted statutory phrase as meaning

"eligible for Medicaid." See 42 U.S.C. § 412.106(b)(4) (1999). Plaintiffs acknowledge that the patient days at issue in this case are attributable to patients who are not eligible for Medicaid, but they argue that the Secretary's interpretation of the statute is invalid; according to plaintiffs, the Medicare statute (unambiguously) requires the Secretary to count, in the numerator of the Medicaid fraction of the Medicare DSH calculation, patient days of patients who are not eligible for Medicaid but receive charity care from Ohio hospitals as a condition of the hospitals receiving a DSH payment under the Medicaid program.

In contrast to this case, the Cookeville case involves a different category of patient days, specifically, "section 1115 expansion population days." These days are patient days of individuals who are eligible for medical assistance under a demonstration project approved under section 1115 of the Social Security Act, 42 U.S.C. § 1315, but do not meet the applicable Medicaid eligibility criteria. Plaintiffs in the Cookeville case challenged the Secretary's position that section 1115 expansion populations are not "eligible for medical assistance under a State plan approved under title XIX" and that the Medicare statute therefore does not require the counting of expansion population days in the numerator of the Medicaid fraction of the Medicare DSH calculation. On October 28, 2005, the district court issued the first Cookeville opinion, holding that, by operation of section 1115 of the Social Security Act, expansion populations were "eligible for medical assistance under a State plan approved under title XIX [of the Social Security Act]." Cookeville Reg'l Med. Ctr. v. Thompson, Civ. A. No. 04-1053 (JR), 2005 WL 3276219 (D.D.C. Oct. 28, 2005) ("Cookeville I").

Subsequently, the government filed a Motion to Alter the Judgment. On

September 26, 2006, the district court issued a second <u>Cookeville</u> memorandum opinion. <u>Cookeville Reg'l Med. Ctr. v. Leavitt</u>, Civ. A. No. 04-1053 (JR), 2006 WL 2787831 (D.D.C. Sept. 26, 2006) ("<u>Cookeville II</u>").  In this second opinion, the district court stated that it would grant the government's motion to alter the judgment if the case were remanded to the district court from the D.C. Circuit.  <u>Cookeville II</u> holds that, in light of section 5002 of the Deficit Reduction Act of 2005 ("DRA"), Pub. L. No. 109-171 at § 5002, 120 Stat. 4, 31 (February 8, 2006) (codified in part at 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II)), expansion populations are <u>not</u> "eligible for medical assistance under a State plan approved under title XIX [of the Social Security Act]," and the Medicare statute does not require the Secretary to count expansion population days in the numerator of the Medicaid fraction.  <u>Cookeville II</u>, at * 2.

Section 5002 of the DRA is quoted in full in the Secretary's Memorandum in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment ("Def's MSJ") at 18.  In pertinent part, DRA § 5002 amended 42 U.S.C. § 1395ww(d)(5)(F)(vi) to state that:

> In determining under subclause (II) the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under title XIX, the Secretary may, to the extent and for the period the Secretary determines appropriate, include patient days of patients <u>not so eligible but who are regarded as such because they receive benefits under a demonstration project approved under title XI</u>.

<u>Id.</u> (emphasis added).  Thus, Congress not only explicitly endorsed the Secretary's position that expansion populations are not "eligible for medical assistance under a State plan" but also made clear that the Secretary has the discretion as to include (or exclude) expansion population days in the numerator of the Medicaid fraction.  The <u>Cookeville II</u> opinion states that the court would grant the Secretary's Motion to Alter the Judgment if the case were remanded from the Court of

Appeals.[1]

The Secretary believes that the Cookeville case does not apply to this case. See Def. MSJ at 17. Unlike Cookeville, this case does not involve a demonstration project approved under section 1115 of the Social Security Act, and does not involve operation of section 1115(a)(2) of the Social Security Act, the underpinning of the Cookeville I opinion cited by plaintiffs.

To the extent that the Cookeville case can be viewed as relevant to this case, it is consistent with the Secretary's position and does not support Plaintiffs' position. Cookeville II makes clear that expansion populations are not "eligible for medical assistance under a State plan approved under title XIX." This position is consistent with the Secretary's position that the statutory phrase "eligible for medical assistance under a State plan approved under title XIX" can reasonably be interpreted to mean "eligible for Medicaid." Like the charity care patients at issue in this case, section 1115 expansion populations are not eligible for Medicaid because they do not meet applicable Medicaid eligibility criteria.

In any event, the Cookeville case does not support Plaintiffs' position that the Medicare statute unambiguously requires the Secretary to count the patient days at issue in this case, which are attributable to patients who are not eligible for Medicaid. In plaintiffs' reply brief at 5, plaintiffs cited Cookeville I for the proposition that the Medicare statute does not "categorically exclude" non-Medicaid days from the numerator of the Medicaid fraction. But as the Secretary argued in his reply memorandum, the Secretary does not (and need not) argue that the statute

---

[1] By Order dated December 18, 2006, the D.C. Circuit granted the government's motion for remand to the district court, but as of the filing of this response, the district court's docket does not yet reflect receipt of the remand.

prohibits the counting of the non-Medicaid days at issue in this case. The question in this case is whether the statute requires the counting of the days at issue.

The Cookeville II opinion reflects the court's current view that the Medicare statute does not require the counting of the specific category of patient days at issue in that case. The DRA makes clear that section 1115 expansion populations are not eligible for medical assistance under a State plan approved under title XIX, and that the Secretary has the discretion to include (or exclude) the specific category of patient days addressed in the DRA amendments, "to the extent and for the period the Secretary determines appropriate." There is nothing in either Cookeville opinion to suggest that the Secretary must count the specific category of patient days at issue in this case or the days of any category of patients who are not eligible for Medicaid.

Dated: January 12, 2007.        Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

 /s/
MEGAN L. ROSE
Assistant United States Attorney
NC Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7220/FAX: (202) 514-8780

DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel, CMS Division
330 Independence Ave., S.W., Room 5309
Washington, D.C.  20201

Attorneys for Defendant

5