UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

_____
                                                                )
ADENA REGIONAL MEDICAL CENTER, et al.  )
                                                                )
      Plaintiffs                        )
                                                                )
      v.                                    )     Case No.: 1:05-cv-02422 (RWR)
                                                                )
MICHAEL O. LEAVITT,                         )
Secretary, United States Department of  )
Health And Human Services                )
                                                                )
      Defendant                         )
_____)


**PLAINTIFFS' MEMORANDUM REGARDING RECENT AUTHORITY**

**Introduction**

The District Court, in the present matter, has directed the parties to file additional briefs responding to the question of how the Memorandum Opinion issued by the District Court in Cookeville Regional Medical Center v. Leavitt, No. 1:04-cv-01053-JR (D.D.C. filed June 25, 2004) on September 26, 2006 ("the 2006 Opinion") impacts the present matter, if at all. The answer is that the 2006 Opinion does not impact the present matter. First, the 2006 Opinion is a conditional opinion that may never be entered by the District Court, depending on the outcome of motion practice in the Court of Appeals. Second, to the extent the 2006 Opinion is actually considered by the Court in the present matter, it actually supports the Hospitals' argument.

**Statement of Facts**

The Cookeville case addresses the issue (for Tennessee hospitals) of whether the Secretary improperly excluded section 1115 waiver days ("waiver days") from the

Medicare DSH calculation for patient discharges occurring before January 20, 2000. The hospitals in Cookeville filed a motion for summary judgment, which the Court granted. On October 28, 2005, the Court issued an Opinion explaining the legal grounds for its ruling. The Secretary filed an appeal with the Court of Appeals in December of 2005.

On February 8, 2006, the President signed into law the Deficit Reduction Act of 2005 ("DRA").[1] The section of the DRA dealing with the Medicare DSH calculation (section 5002) had two parts. The first part, subsection "(a)," gave the Secretary express authority to include in the Medicare DSH calculation those days of service rendered to patients who were not eligible for Title XIX assistance "but who are regarded as such because they receive benefits under a demonstration project approved under title XI."[2] In other words, the DRA expressly allowed the Secretary to include waiver days in the DSH calculation. The Secretary, of course, had already been including waiver days in the calculation for the preceding six years. See 65 Fed. Reg. 3136 (Jan. 20, 2000); 68 Fed. Reg. 45345 (Aug. 1, 2003).

Subsection "(b)" of the DRA (according to the Secretary in Cookeville) applied to time periods before January 20, 2000, and ratified the Secretary's exclusion of waiver days from the DSH calculation prior to that date. As noted above, the Secretary's improper exclusion of waiver days from the Medicare DSH calculation, for patient discharges prior to January 20, 2000, was the precise subject of the Cookeville litigation.

---

[1] Deficit Reduction Act of 2005, 120 Stat. 4, Pub. L. No. 109-171.

[2] DRA at § 5002(a).

2

Notwithstanding the fact that the Secretary had already filed an appeal and the District Court no longer had jurisdiction, the Secretary nevertheless proceeded to file a motion with the District Court in Cookeville to modify the court's judgment under Rule 59(e). The Secretary, in his motion, argued that the DRA's ratification provision required the District Court to reverse itself and grant summary judgment in his favor and against the Tennessee hospitals.

The District Court then issued its 2006 Opinion, stating that "the court *would* grant the Secretary's Motion to Alter Judgment *should* this case be remanded from the United States Court of Appeals for the District of Columbia Circuit." See 2006 Opinion at 19 (emphasis added). The Secretary then filed a motion with the Court of Appeals, asking the Court to remand the matter to the District Court so that an order could be entered in favor of the Secretary.

The Court of Appeals granted the Secretary's motion for remand, but only in a provisional manner that expressly withheld issuance of the appellate court's mandate.[3] This was done in order to give the Hospitals time to file a motion seeking rehearing with the Court of Appeals under Appellate Rule 41.[4] The undersigned, who is also plaintiffs' counsel in the Cookeville matter, will in fact be filing a motion seeking rehearing. The Circuit Court's mandate will therefore not issue prior to February 1, 2006, if at all.

If the plaintiffs' motion for rehearing in Cookeville is granted, and the Court of Appeals subsequently enters an order in favor of the Hospitals, the matter will not be remanded to the District Court. Under that scenario, the District Court's 2006 Opinion

---

[3] See Order, Cookeville Reg. Med. Ctr. v. Leavitt, No. 05-5495 (D.C. Cir. Dec. 18, 2006), attached hereto as Exhibit A.
[4] Id.

3

will remain what it is now, a conditional, hypothetical decision, the condition for entry of which (a remand from the Court of Appeals) has not been met, and will never be met. In the interim, the District Court's October 28th decision the <u>Cookeville</u> controls.

### Legal Argument

I.    **The 2006 Opinion Has Little or No Precedential Value**

The 2006 Opinion, which notes what Judge Robertson would rule if the Secretary's Motion to Alter Judgment were remanded to the District Court, is clearly conditional in nature, as demonstrated by Judge Robertson's use of hypothetical language—"the court *would* grant the Secretary's Motion to Alter Judgment *should* this case be remanded from the United States Court of Appeals for the District of Columbia Circuit." 2006 Opinion at 19 (emphasis added). Conditional and advisory opinions are not binding precedent and are often afforded little or no weight. See <u>Hudson v. United States</u>, 522 U.S. 93, 112 (1997) (J. Stevens, concurring, noting that an advisory opinion "at best, will have the precedential value of pure dictum . . . ."); <u>League of Women Voters v. Diamond</u>, 923 F. Supp. 266, 273 (D.D.C. 1996). Based on this reason alone, the 2006 Opinion should not be considered.

II.   **The 2006 Opinion Supports The Hospitals' Arguments In The Present Matter**

Even if the Court is inclined to consider the 2006 Opinion in some fashion, the Opinion merely buttresses the previous arguments that have already been made by the Hospitals in the present case. The Secretary, in the present matter, takes the position that the phrase "eligible for medical assistance under a State Plan," as set forth in the

Medicare DSH statute, simply means eligible for Medicaid.[5] The Secretary further argued that patients who are ineligible for Medicaid cannot be included in the Medicare DSH calculation, and that HCAP patients must therefore be excluded.[6]

The Hospitals responded to these arguments, arguing that the Hospital Care Assurance Program ("HCAP") constitutes "medical assistance" and is part of the Ohio State Plan. In addition, the Hospitals rebutted the Secretary's factual assertion that only "Medicaid" days currently get included in the calculation. By way of example, the Hospitals pointed out that the Secretary currently includes waiver days in the Medicare DSH calculation and has done so since January 20, 2000. See 65 Fed. Reg. 3136 (Jan. 20, 2000). The DRA, enacted in 2006, lent considerable additional weight to this argument, because now the Medicare statute itself was recognizing that the inclusion of these "non-Medicaid" days in the DSH calculation was proper. This exploded the myth that the Secretary has attempted to propagate, that the mere notion of including non-Medicaid days in the DSH calculation was laughable. The foregoing line of argument by the Hospitals is undiminished if the 2006 Opinion is entered in Cookeville. The argument is set forth on pages 2 and 5-7 of plaintiffs' opposition and reply brief and remains unchanged.

Perhaps even more important, the DRA (and the ensuing 2006 Opinion) vividly illustrates (from the point of view of the Secretary in Cookeville) that Congress knows how to expressly exclude patient days from the Medicare DSH calculation when it is so inclined, e.g. ratifying the exclusion of the waiver days prior to January 20, 2000.

_____

[5] See Memorandum in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, at 2.
[6] Id.

5

Congress, however, has <u>never</u> passed similar legislation excluding HCAP days or days of any other non-Medicaid program of medical assistance that is set forth in a State Plan approved under Title XIX (waiver programs, as the Secretary notes, are Title XI).

**III.     The 2006 Opinion Does Not Militate Against The <u>Adena</u> Hospitals**

Lastly, the 2006 Opinion does not support any of the Secretary's arguments that HCAP days should be excluded from the Medicare DSH calculation.  Indeed, according to the DRA and the Secretary in <u>Cookeville</u>, waiver programs are part of Title XI.  The HCAP program, however, is set forth in the Ohio State Plan, approved under Title XIX.  Because the DRA (which the 2006 Opinion purports to recognize) considers the waiver program to be a Title XI program, the 2006 Opinion is, at the very worst for the Hospitals, simply irrelevant.

Respectfully submitted,

    /s/  Jacqueline E. Bennett
Murray J. Klein
DC Bar #492415
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 facsimile
JBennett@ReedSmith.com

Dated:  January 12, 2007